IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 01-50764
Summary Calendar

————————————————

THERESA LOPEZ,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-61-SC
--------------------
March 7, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Theresa Lopez argues that the Administrative Law Judge's
(ALJ's) determination that she is not disabled is not supported
by substantial evidence in the record.  Relying on the general
classification of jobs in the <u>Dictionary of Occupational Titles</u>
(DOT), Lopez contends that the vocational expert's opinion that
there are jobs existing that she is physically capable of
performing was erroneous.

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The vocational expert listed a number of existing jobs that the expert opined Lopez was physically capable of performing, but also acknowledged that some of the jobs within those categories involved physical activities beyond Lopez's limitations. However, the vocational expert further testified that there were a substantial number of jobs within those categories that Lopez was physically able to perform. Thus, there was no actual conflict between the expert's opinion and the general job classifications contained in the DOT. See Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000). Further, Lopez's counsel did not raise the DOT issue during the hearing and did not cross-examine the expert on her opinion regarding Lopez's residual functional capacity to perform the listed jobs. There is an adequate basis in the record to support the ALJ's reliance on the vocational testimony. Id.

Lopez also argues that the hypothetical presented to the vocational expert did not encompass or properly portray all of her disabilities. The hypothetical question presented by the ALJ to the vocational expert reasonably incorporated all of Lopez's disabilities supported by the medical evidence and the testimony in the record. See Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

Lopez also argues that the ALJ failed to give proper consideration to her complaints of pain. It is within the ALJ's discretion to discredit complaints of pain based on the complainant's testimony of her daily activities in combination with the medical records. See Griego v. Sullivan, 940 F.2d 942,

945 (5th Cir. 1991). The ALJ's determination that Lopez's pain was not debilitating is supported by the objective medical evidence reflecting that her rheumatoid arthritis condition remained stable and that her pain was reasonably controlled by medication. See Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988). It was also supported by Lopez's testimony regarding her ability to perform daily household chores that would have been precluded by debilitating pain.

The decision of the ALJ is supported by substantial evidence in the record. The decision of the Commissioner to deny Lopez disability benefits is AFFIRMED.